# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Criminal Action No. 4:06-CR-103 |
| | § | Judge Mazzant |
| ROBERT SAMUEL FARRELL | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Robert Samuel Farrell's ("Farrell") *pro se* Motion for Modification of Supervised Release and Appointment of Counsel (Dkt. #39). After reviewing the relevant pleadings and motion, the Court finds the motion to should be denied.

### BACKGROUND

On April 13, 2006, a grand jury returned a two-count Indictment against Farrell. Count 1 charged Farrell with Transportation of a Minor with Intent to Engage in Criminal Sexual Activity on June 13, 2003, in violation of 18 U.S.C. § 2423(a). Count 2 charged Farrell with Possession of Child Pornography on June 13, 2003, and continuing up to and including the date of Indictment, in violation of 18 U.S.C. § 2252A(a)(5)(B).

On June 26, 2006, Farrell appeared before Magistrate Judge Don Bush and entered a plea of guilty as to Count 1 of the Indictment, pursuant to a written plea agreement.[1] On July 27, 2006, District Judge Michael Schneider signed an order adopting Magistrate Judge Bush's Findings of Fact and Recommendation finding Farrell guilty of Count 1 of the Indictment. On January 11, 2007, Judge Schneider sentenced Farrell to 135 months' imprisonment followed by a 5-year term of supervised release (Dkt. #35).

---

[1] Pursuant to the plea agreement, Count 2 was later dismissed.

In or about June 2017, Farrell started his supervised release. On January 3, 2018, Farrell petitioned the Court to modify the conditions of his supervised release (Dkt. #39). Specifically, Farrell requests the Court grant him access to the internet (Dkt. #39).[2] On January 22, 2018, the Government filed its response (Dkt. #41).

## LEGAL STANDARD

"District courts have wide discretion in imposing special conditions of supervised release." *United States. v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). If a court imposes special conditions, such conditions must reasonably relate to one of the following statutory factors:

> (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need to afford adequate deterrence to criminal conduct; (iii) the need to protect the public from further crimes of the defendant; and (iv) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

*Id.* (citing 18 U.S.C. § 3553(a)(1)–(2); *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001)). Further, "supervised release conditions cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the statutory goals." *Id.* (citations omitted).

Pursuant to § 3583(e)(2), after considering the factors above, the Court may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."

## ANALYSIS

Farrell argues that "based on recent U.S. Supreme Court rulings, I [Farrell] petition this court to grant me access to the internet." (Dkt. #39). Notably, Farrell fails to provide the Court with any United States Supreme Court rulings to support such an argument. Despite this omission, the Court assumes Farrell is referring to *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017).

---

[2] As part of Farrell's supervised release, Farrell is prohibited from "hav[ing] access to the Internet." (Dkt. #35 at p. 4).

In *Packingham*, the Supreme Court decided whether a North Carolina statute making it a felony for a registered sex offender to gain access to numerous websites, including commonplace social media websites, violated the First Amendment Free Speech Clause. *Id.* at 1733. The Supreme Court found the statute constituted an unconstitutional infringement on an individual's First Amendment rights. *Id.* at 1738.

Farrell's reliance on *Packingham* is misplaced for several reasons. First, *Packingham* analyzed the constitutionality of a state statute, not conditions of federal supervised release. Stated differently, *Packingham* dealt with a lifetime, state-wide statute restricting the internet access of all registered sex offenders, while this case involves temporary, individual conditions, which are effective only for the duration of Farrell's supervised release. Second, *Packingham*, is devoid of any indication that the Supreme Court's holding extended to conditions of supervised release.

Farrell failed to appeal his sentence, did not attack the conditions of his release, did not contest Judge Schneider's application of the § 3553(a) factors, did not argue that Judge Schneider failed to appropriately tailor the release conditions of his offense, and made no assertions that such conditions are somehow unfair or improper. Instead, Farrell, in one sentence, requests that the Court, in its discretion, modify the terms of his supervised release by granting Farrell access to the internet. Such modification, if any, is subject to the Court's consideration of the § 3553(a) statutory factors listed above.

In this case, Farrell enticed a minor female, transported her across state lines, forcibly raped her, and captured images of the abuse. Given these facts, the Court finds prohibiting Farrell's access to the internet during his supervised release reasonably relates to the § 3553(a) factors. Specifically, such condition reasonably relates to the nature of Farrell's offense, the need to deter future crimes, and the need to protect the public from such crimes. As a result, the Court finds

Farrell's restriction of the internet is reasonable, appropriate, and accomplishes the aforementioned statutory goals. *See United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013); *United States v. Miller*, 665 F.3d 114, 132 (5th Cir. 2011), *cert. denied*, 567 U.S. 918 (2012); *United States v. Fortenberry*, 350 F. App'x 906, 911 (5th Cir. 2009); *Paul*, 274 F.3d at 169.

## CONCLUSION

It is therefore **ORDERED** that Defendant's *pro se* Motion for Modification of Supervised Release and Appointment of Counsel (Dkt. #39), is hereby **DENIED.**

**SIGNED this 23rd day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE